UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANIE FANCHER,<br><br>    Plaintiff,<br><br>    v.<br><br>EAST ORANGE SENIOR CITIZENS HOUSING ASSOCIATION, RAYMOND P. MARZULLI CO. INC. d/b/a COPPERGATE HOUSES, RAYMOND MARZULLI, SEMPER DETECTIVE AGENCY, INC., THELMA HARPER, SAMUEL IDOWU, AND SORA OGENDO,<br><br>    Defendants.<br><hr>EAST ORANGE SENIOR CITIZENS HOUSING ASSOCIATION, COPPERGATE HOUSES, RAYMOND P. MARZULLI CO. INC., RAYMOND MARZULLI, AND THELMA HARPER,<br><br>    Third-Party Plaintiffs,<br><br>    v.<br><br>EVANSTON INSURANCE COMPANY,<br><br>    Third-Party Defendants. | Civ. No. 2:12-cv-06749 (WJM)<br><br>OPINION |

1

**WILLIAM J. MARTINI, U.S.D.J.:**

Presently before the Court is this insurance coverage dispute, which is ancillary to the central sexual harassment claim.  On April 13, 2013, Third-Party Defendant Evanston Insurance Company filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c), seeking a declaration that it is not liable to cover the losses of Defendants/Third-Party Plaintiffs East Orange Senior Citizens Housing Association ("EOSC"), Coppergate Houses, and Thelma Harper.  These Defendants/Third-Party Plaintiffs opposed Evanston's motion and filed their own cross-motion for summary judgment.  The cross-motion seeks a declaration that EOSC, Coppergate Houses, and Thelma Harper are covered under the terms of a tenant discrimination insurance policy.  Evanston filed no reply to the Third-Party Plaintiffs' opposition nor its own opposition to Third-Party Plaintiffs' cross-motion.  There was no oral argument.  Fed. R. Civ. P. 78(b).  For the reasons set forth below, Evanston's motion is **DENIED**, and Third-Party Plaintiffs' motion is **GRANTED.**

### I.    FACTUAL BACKGROUND

Plaintiff Janie Fancher resides at the Coppergate Houses, located at 780 Springdale Avenue, East Orange, New Jersey ("the Property").  She filed a Complaint against moving Defendants and others, alleging that two security guards at the Property sexually harassed her.  The Property is owned by EOSC.  The Raymond P. Marzulli Co. Inc. ("Marzulli Co.") is the managing agent for the Property.  (Marzulli Certification at ¶ 5)  Thelma Harper was the Property's site manager.  (Harper Certification at ¶ 1).

Since June 2008, Evanston Insurance Company ("Evanston") has issued an annual claims-made and reported tenant discrimination liability insurance policy to Marzulli Co.  The Marzulli Co. obtained these policies with the assistance of an insurance agent, Herb Rife.  (Rife Certification at ¶ ¶ 2, 4)

On the Declarations page of the relevant policies, the "Named Insured" is "Raymond P. Marzulli Co. Inc."  (Droughton Declaration, Exhibits A & B)  The Declarations page of Marzulli's 2011-2012 policy had an endorsement called "Schedule of Insured Property Under Management."  (Droughton Declaration, Exhibit A)  The Property is on this Schedule, listed both as "780 Springdale Avenue" and "East Orange Senior Citizens Housing Association."  (*Ibid.*)

When Evanston issued its 2012-2013 policy, Rife noticed that the "Schedule of Insured Property Under Management" endorsement was defective because Evanston failed to name the building owners as it had on the endorsement to the previous year's policy. (Rife Certification at ¶ 7) On September 10, 2012, Rife wrote to his insurance wholesaler, CRC Insurance Services, stating "as last year, the building owners are to be included as insured." (*Ibid.*) Rife attached a one-page document entitled "Additional Named Insureds," which lists the names of the building owners, including EOSC. (*Ibid.*)

When the Plaintiff filed her sexual harassment complaint, Herb Rife filed a notice of occurrence under the Evanston policy on behalf of Marzulli Co. (Certification of Herb Rife at ¶¶ 2, 12) Rife filed the notice on October 15, 2012, about a month after Rife requested that the endorsement be corrected. (*Id*. at ¶¶ 7, 12) Neither CRC Insurance Services nor Evanston responded to Rife's September 10, 2012 request to add the building owners to the endorsement until April 11, 2013. (Supplemental Certification of Herb Rife at ¶ 3) On that date, CRC Insurance Services sent Rife an endorsement with the property owners listed as "Additional Named Insureds." (*Ibid.*) This endorsement unambiguously notes that the listed property owners, including EOSC, are "Named Insureds" along with Marzulli Co. The endorsement is effective June 30, 2012. (*Ibid.*)

Coverage under the policy is controlled by the following section:

I.   WHO IS INSURED

   1. The "Named Insured" is that business entity designated in Item 1 of the Declarations as the Named Insured.

   2. "Insured" or "Insureds," as the context may require, includes:

   (a) the Named Insured;

   (b) each natural person who is a lawfully appointed director, officer, partner, shareholder, or trustee of the Named Insured;

   (c) any salaried manager or employee acting under the authority of their employment; *Provided, however,* that any suit involving a director, trustee, officer, partner, manager or employee must also include the Named Insured as a party defendant.

3

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides for summary judgment "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.2d 641, 647 (3d Cir. 2007).

## III.    DISCUSSION

"Endorsements are amendments or additions to an original policy that embody alterations to its terms. Typical endorsements add insureds or modify original language." GEORGE J. KENNY & FRANK A. LATTAL, NEW JERSEY INSURANCE LAW 112 (2012).

Evanston argues that it has no obligation to cover EOSC, Coppergate Houses, or Thelma Harper because they are not "Named Insureds" or employees of "Named Insureds." (Evanston's Brief at 11) This may have been a plausible argument when Evanston filed its motion on March 13, 2013, but that argument became untenable as of April 13, 2012, when Evanston incorporated EOSC into its "Additional Named Insureds" endorsement.

Since EOSC and Coppergate Houses are essentially the same entity, the court finds that all parties should have reasonably expected that Coppergate Houses was intended as a Named Insured. *See Zacarias v. Allstate Ins. Co.*, 168 N.J. 590, 595 (2001) (noting that insurance policies are to be construed to meet the reasonable expectations of the insured).

Although it is disputed as to whether Thelma Harper was an employee of EOSC or Marzulli Co., the court finds no reason to determine the matter. Since

4

Harper was a paid employee of either EOSC or Marzulli Co., and both were Named Insureds, she is an "Insured" under the policy.

    The court finds that EOSC, Coppergate Houses, and Thelma Harper are all covered under the relevant insurance policy.

### IV. CONCLUSION

    For the reasons stated above, Evanston's motion is **DENIED**, and the Third-Party Plaintiffs' motion is **GRANTED**. An appropriate order follows.

    /s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**

**DATED: October 10, 2013**